FILED

Mar 17 2021

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY           s/ soniad           DEPUTY

KEN J. MOSER
11280 Spica Drive
San Diego, CA 92126
Telephone: 858-627-4190
Facsimile:  858-627-4193
Email: kmoser1@san.rr.com

Plaintiff *Pro Se*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

KEN J. MOSER,

    Plaintiff.

v.

GREEN SOLAR TECH CALIFORNIA INC. DBA GREEN HOME TECHNOLOGIES, a California corporation, aka GREEN SOLAR TECHNOLOGIES INC, a California corporation, EDWARD LAI HARNER, individually and as an officer, owner or manager of Green Solar Tech California Inc., SHAY YAVOR AKA SHAY YAVAR, individually and as an officer, owner or manager of Green Solar Tech California Inc., KEN ICHI ITO individually and as an officer, owner or manager of Green Solar Tech California Inc.

    Defendants.

Case No. '21 CV 0476 AJB  DEB

**COMPLAINT FOR DAMAGES, INCLUDING COSTS INTEREST AND FOR INJUNCTIVE RELIEF**

**Violation(s) of Telephone Consumer Protection Act of 1991;**

Jury Demanded

- 1 -

Complaint For Damages And Injunctive Relief

COMES NOW Plaintiff KEN J. MOSER (hereinafter referred to as "Plaintiff" or "Moser") who alleges as follows:

## JURISDICTIONAL ALLEGATIONS

1.     Plaintiff is, and at all times herein mentioned was, a resident of the County of San Diego.

2.     GREEN SOLAR TECH CALIFORNIA INC., a California corporation transacts or has transacted business in this district.

3.     GREEN SOLAR TECHNOLOGIES INC., a California corporation transacts or has transacted business in this district.

4.     GREEN SOLAR TECH CALIFORNIA INC., and GREEN SOLAR TECHNOLOGIES INC., while being separately formed corporations, Plaintiff believes that GREEN SOLAR TECH CALIFORNIA INC. has been operating and co-mingling assets with GREEN SOLAR TECHNOLOGIES INC., hereafter both are referred to as ("Green Solar")

5.     Defendant EDWARD HARNER, ("Harner") is the Chief Operating Officer of Green Solar.  At all times material to this Complaint, acting alone or in concert with others, he has formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in this Complaint. Defendant Harner, in connection with the matters alleged herein, transacts or has transacted business in this district.

6.     Defendant SHAY YAVOR AKA SHAY YAVAR ("Yavor") is the President and co-founder of Green Solar.  At all times material to this Complaint, acting alone or in concert with others, he has formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in this Complaint.  Defendant Yavor, in connection with the matters alleged herein, transacts or has transacted business in this district.

7.     Defendant KEN ICHI ITO ("Ito") is employed as the in-house counsel of Green Solar.  At all times material to this Complaint, acting alone or in concert with others, he has formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in this Complaint.  Defendant Ito, in connection with the matters alleged herein, transacts or has transacted business in this district.

8.     This case is filed pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227 et. seq. ("TCPA").  The U.S. Supreme Court recently decided that federals courts have federal question subject matter jurisdiction over such civil actions under 28 U.S.C. §§ 1331 and 1441.  *Mims v. Arrow Fin. Services, LLC,* -- U.S. --, 132 S.Ct. 740, 753 (2012).

9.     The Ninth Circuit Court of Appeals recently ruled that TCPA cases have federal standing by their very nature.  *Van Patten v. Vertical Fitness Group, LLC,* 847 F.3d 1037, 1043 (9th Cir. 2017) ("Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients.").

10.     At all times herein mentioned each defendant was the owner, partner, agent and or employee of each co-defendant herein and was at all times acting within the scope of such ownership, partnership, agency and employment and each defendant ratified the conduct of each co-defendant herein.

## FACTUAL SUMMARY

11.     Defendants transmitted at least twelve pre-recorded robotic question and answer avatar or automatic telephone dialing system (ATDS) telephone calls to Plaintiff's unpublished residential telephone number 858-630-5264, which is on the Do Not Call list, using an ATDS from between March 18, 2020, and April 10, 2020.  47 U.S.C. § 227 and 47 C.F.R. § 64.1200

- 3 -

Complaint For Damages And Injunctive Relief

12.     While each of the calls complained of above transmitted a Caller Identification number ("CID"), the initial two prospecting calls and the next five follow-up calls did not give the true and accurate name of the person or entity calling in the CID name information as required by law.  47 C.F.R. § 64.1601(e)

13.     Additionally California Civil Code § 1770(a)(22)(A) requires that all recorded messages disseminated by telephone within the state be introduced by a live, natural voice giving the name of the entity calling, the name of the entity being represented, an address or phone number for that entity, and asking permission to play the recording.

14.     Plaintiff called back the initial two numbers that were identified in the CID and he found them to be disconnected in both instances.

15.     Based on information and belief, all of the calls alleged in this complaint used a hardware or software program and/or equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically (even if the system must be turned on or triggered by a person which is known as an Automatic Dialer. See, *Marks v. Crunch San Diego LLC*, 904 F.3d 1041 (9th Cir 2018),

16.     Plaintiff took copious notes and recorded (as did Defendants agent) many of the calls which are detailed here, including the caller identification display ("CID"), and call details for the calls that are alleged in this complaint as follows are from Plaintiff's residential phone service provider Ooma's inbound call log:

///

///

///

///

///

Complaint For Damages And Injunctive Relief

| Local Number | Remote Number | Caller-ID Name | Date/Time |
|---|---|---|---|
| (858) 630-5264 | (858) 618-1646 | SAN DIEGO   CA | 3/18/2020 13:46 |
| (858) 630-5264 | (858) 295-8048 | LA JOLLA   CA | 3/19/2020 10:34 |
| (858) 630-5264 | (858) 295-8048 | LA JOLLA   CA | 3/19/2020 11:55 |
| (858) 630-5264 | (858) 295-8048 | LA JOLLA   CA | 3/19/2020 14:30 |
| (858) 630-5264 | (858) 295-8048 | LA JOLLA   CA | 3/20/2020 11:30 |
| (858) 630-5264 | (858) 295-8048 | LA JOLLA   CA | 3/20/2020 14:03 |
| (858) 630-5264 | (858) 295-8048 | LA JOLLA   CA | 3/24/2020 10:25 |
| (858) 630-5264 | (424) 285-5822 | GREENSOLAR TECH | 4/8/2020 10:44 |
| (858) 630-5264 | (424) 285-5822 | GREENSOLAR TECH | 4/9/2020 9:39 |
| (858) 630-5264 | (424) 285-5822 | GREENSOLAR TECH | 4/9/2020 9:42 |
| (858) 630-5264 | (424) 285-5822 | GREENSOLAR TECH | 4/9/2020 14:18 |
| (858) 630-5264 | (424) 285-5822 | GREENSOLAR TECH | 4/10/2020 10:27 |

17.    The first of the above listed calls, recorded by Plaintiff, used a non-natural robotic voice to play a pre-recorded avatar message which required user input vocal answers to proceed to a live operator which was heard by Plaintiff to say (Plaintiff responses bracketed):

["Hello, hello, hello – hello"] 5 seconds into call you here the ATDS transfer click and then at 7 seconds the avatar Question & Answer message begins with an Anglo sounding voice.

"Hi this is Greg, how are you?"  ["Wonderful Greg"]  Then after a 3 second 'computer thinking' pause it begins again.

"I called to inform you, that you can switch to solar energy and own the equipment with zero out of pocket cost.  Um this program also cuts you electric bill by up to 60%.  So do you own your own home?"  ["Yes"]  Then after another 2 second 'computer thinking' pause it begins again.

"Ok great, well congratulations, it does look like you're qualified for the no money out-of-pocket program.  Um I have a specialist on the line who can start the process for you, is that Ok?"  ["Sure"]  5 seconds later after 2 automatic telephone dialing system transfer clicks an overseas call center agent comes on the line at 43 seconds into the call.

- 5 -

Complaint For Damages And Injunctive Relief

"Hey this is Chris Adams from 'US Home Solar' on a recorded line how are you doing? ["Wonderful Chris"] Ok, well I'm not going to take much of your time we're just reaching out to homeowners as we're helping them reduce their electricity bill by up to 60% by providing them with a free solar quotes."

"So are you the homeowner of a single family residential house? ["Yes I am"] Ok and ah - how much do you pay for your average electricity bill - - a hundred dollars a month or more than that? ["Oh it's a lot more than that"] Ok and what is the name of your electric company? ["SDG&E"] Ok got it and ah – do you get good sunlight during the day on your rooftop? ["Absolutely"] Perfect, um do you have a good credit score above 630 points or more? ["Ah yeah"] Ok perfect and one more thing a like ah -- what is the best time for the callback so we can call you back and provide you with free estimates – free quote for a solar program like morning, afternoon or evening maybe? ["Morning is best for me"] Ok got it and ah this last thing do you have any email address so they can write you something as well? ["Ah sure – kmoser1@san.rr.com – do you want to read that back to me to make sure you got it right?"] Yeah can you repeat that again please? ["Well I was going to ask you to repeat it, if you wrote it down just to make sure you got it right."] Actually this call has been recorded so you know we are going -- you know we're going to check out the recording so you don't need to worry about that. So ah, yes so just for communication purposes ah who do I have the pleasure of speaking with? ["K James Moser"]. K James Moser, alright and what is the zip code over there? ["92126"] Alright and what is the street address over there? [Spica Drive] Would you say that again? ["11280 Spica Drive"] 11280 Spica Drive and how do you spell the name of your street? ["SPICA"] Alright, the number is 1280 Spica Drive and the zip code is 98126 – right? ["No the number is 11280 Spica Drive and the zip code is 92 (talk over) if you stop talking I can get it right for you and the zip code is 92126"] And the number is 11280 right? ["That's what I said"] All right -- got it perfect, well ah I believe that's it from my side."

"Ah just for the reference today this is the Eighteenth of March 2020, within the next 24-42 hours one of my service providers is going to call you back to provide you with a free solar quote even if your phone is listed with any state, federal or corporate do not call list. So do expect the callback – all right? ["All right"] All right James have a good day from my side."

- 6 -

Complaint For Damages And Injunctive Relief

18.     This initial call Plaintiff received, gave the fraudulent impression that it came from "US Home Solar," a generic bogus fictitious name that is not registered to Green Solar.  A basic tenant of California's Contractors State License Board Rules and Regulations (CSLB), per California Business and Professions Code (B&P) §§ 7000 et seq., is that a contractor's true name and license number must be used in all advertising including "…any electronic transmission," as defined in 16 California Code of Regulations § 861.

19.     All of the calls had to be autodialed since they all either used a prerecorded message, had a long pause and click before an operator came on or had no one come on at all and thus were not made by live humans. The telemarketing calls had been initiated using a telemarketing service that delivers prerecorded voice messages through telephone calls.  This service is known as "voice broadcasting" or "robo calling" via an ATDS.

20.     As in this case, the ATDS places calls and plays pre-recorded messages, but in the first instance does not bring the caller's sales representative onto the line unless and until the called party answers the phone and answers the avatar questions correctly or on the follow-up calls when it detects a pickup and "hello," before the system brings a live sales representative onto the line.

21.     Plaintiff knows that the calls were made by the Defendants in this case because they called back the following day to the same unlisted number referencing the previous call and specifically asked for "James," Plaintiff's middle name that he never uses.

22.     Furthermore in communications with Green Solar's in-house counsel Ken I. Ito.  Mr. Ito emailed Plaintiff a recorded copy of the initial call provided to Green Solar by their agent/off-shore call center leaving out the initial avatar communications as detailed in paragraph 17 that Plaintiff fully recorded.

23.     After the second call on 3/19/20, that rang but did not connect through

to an agent, Plaintiff did a callback to the "La Jolla" number. The call was answered by Feranmi Fakorode, an employee of Green Solar. Mr. Fakorode was clearly in a call center as you could hear other agents speaking in the background. He explained to "James" that he was following up, verified all my info and "solicited" me on the benefits of solar energy for my home. He said he would send an email which Plaintiff initially never received.

24.    As detailed in paragraph 16, Plaintiff received five more ATDS calls from the same "La Jolla" number over the next few days.

25.    Then beginning on 4/8/20, as detailed again in paragraph 16, Plaintiff received five additional ATDS calls directly from Defendants as the caller id said it was from "Green Solar Tech 4242855822." However the first four calls apparently had no agent available to transfer the call to, as they each had dead air after Plaintiff answered and then hung up. Plaintiff being annoyed recorded the third call that hung up as well.

26.    The last call from Green Solar on 4/10/20, after Plaintiff picked up the ATDS call and said "hello – hello," was transferred again to Feranmi Fakorode. Plaintiff heard no one in the background this time and Mr. Fakorode said due to COVID, he was now "working from home." He once more solicited me regarding solar energy saying he would send me an email. I recorded this call also.

27.    Shortly thereafter Plaintiff received an email from Mr. Fakorode, from the Green Solar server; feranmif@greensoltech.com. It detailed that he was a "Solar Advisor" and had multiple links to Green Solar's web site, Facebook page etc. However again in violation of the CSLB and B&C, it did not list either his or the Green Solar contractors license.  See Exhibit 1.

28.    Later Plaintiff went to the CSLB web site to verify that Mr. Fakorode had the required "home improvement salesperson" (HIS) license for making "solicitations" as defined in B&P § 7152. But no listing for him could be found

Complaint For Damages And Injunctive Relief

and in a follow-up email he confirmed he wasn't licensed.  See Exhibit 2

29.    In later communications with Green Solar employee Ken Ito, Mr. Ito claimed that Mr. Fakorode didn't need to be licensed.

30.    At no time did Plaintiff ever provide any of the Defendant's with any express written consent to receive telemarketing calls, pre-recorded calls, auto-dialed calls, or any other type of call.

31.    Plaintiff has received thousands of junk telemarketing calls and prosecuted his rights in several telemarketing cases in both California Superior and Federal Court.  Plaintiff knows that sales representatives sometimes use false names at the outset of calls to avoid identification so he played along further just to verify the true identity of the caller.

32.    Plaintiff alleges on information and belief and believes Defendants failure to comply with either the TCPA, CSLB or the Civil Code is part of an ongoing fraudulent scheme to promote their service and products with a complete disregard for either state or federal laws that dates back ten years and includes two license revocations, prison terms, restitution, recovery costs and disciplinary bonds.

33.    On 2/4/2019, the Defendants all agreed to a settlement from a suit brought by Avier Becerra Attorney General of California, before of the Registrar Of Contractors' State License Board Department Of Consumer Affairs Case No. N2016-283, OAH No. 2018020393 and was signed by defendants Harner and Ito, stating:

**"IT IS HEREBY FURTHER ORDERED that Contractor's License No .. 1033238 issued to Green Solar Tech California dba Green Home Technologies ("GHT"), with Edward Lai Harner as CEO and Ricardo Humberto Gudino as RME, is revoked.  However, the revocation is stayed and Respondent is placed on probation for three (3) years on the following terms and conditions:**

Complaint For Damages And Injunctive Relief

**1. Obey All Laws. GHT shall <u>comply with all federal, state and local laws, including all building laws and uniform codes, governing the activities of a licensed contractor in California</u>."** See Exhibit 3.

34.     In addition to the above settlement concerning their license, Green Solar founders Shay Yavor and Nicki Zvik were sentenced to prison.  The details were itemized in a published article in the Press Enterprise on 12/8/2017;

> **"In September, Shay Yavor, 40, and Nicki Zvik, 45, entered pleas of guilty to four counts of conspiracy to commit grand theft and admitted an enhancement of committing two or more fraud-related felonies.**
>
> **Each was sentenced to six months in custody, five years of formal probation, and ordered not to work as a contractor during the probation period.**
>
> **The charges stemmed from work Yavor and Zvik did for nine Riverside County homeowners, one of whom was 82 years old, who had contracted with the men because they believed they were properly licensed. The two were paid a total of $210,922, the district attorney's office said."**  See Exhibit 4.

35.     The same article details that they had their licenses revoked previously:

> **"Yavor and Zvik each had their contractors' licenses revoked by the CSLB in 2009 and 2010, respectively, the Riverside County District Attorney's office said in a release. In those cases, they were ordered to pay tens of thousands of dollars in victim restitution, recovery costs and disciplinary bonds.**

**They also were prohibited from re-applying for contractor licenses for five years. To get around that, Yavor and Zvik approached Goldman in 2011 and offered to pay him $150 a month to allow them to use his valid contractor's license, the district attorney's office said."**

36.    Defendants Harner, Yavor and Ito have formulated, directed, controlled, had the authority to control, or participated in the acts and practices of the Corporate Defendant that constitute the common enterprise.

37.    Defendants Harner, Yavor and Ito have ordered, conducted, or allowed to be ordered the making of illegal auto-dialed pre-recorded telephone calls to the Plaintiff.

38.    The calls alleged in paragraph 16, which are the subject of this action, were either identical or similar that Plaintiff received from the Defendants.

Liability of Green Solar Tech California INC aka Green Solar Tech INC

39.    Plaintiff after receiving multiple illegal pre-recorded/autodialed ATDS solar panels beginning in 2019, feigned interest in the call on 3/18/20. Plaintiff was then transferred to Green Solar's in-house call center and solicited by Green Solar employee Feranmi Fakorode.

40.    The same day as the last ATDS solicitation call, Plaintiff received a follow-up email from Green Solar employee Feranmi Fakorode.

41.    Defendants Green Solar Tech California INC aka Green Solar Tech INC is in violation of the CSLB settlement to "Obey All Laws," as detailed previously.

Liability of Edward Lai Harner

42.    Plaintiff alleges on information and belief that Edward Lai Harner as Chief Operating Officer of Green Solar, oversaw the operations of Green Solar Tech California INC.

- 11 -

Complaint For Damages And Injunctive Relief

43.   Plaintiff alleges on information and belief that Defendant Harner knew the calls described above were being made and did nothing, or was willfully and recklessly ignorant of the fact his company and or its agents were making the calls described above. This included hiring in the ordering, procuring, and transmission of telemarketing calls including those complained of herein.

44.   Defendant Harner is in violation of the CSLB settlement he personally signed to "Obey All Laws," as detailed previously.

### Liability of Shay Yavor aka Shay Yavar

45.   Plaintiff alleges on information and belief that Shay Yavor President and co-founder of Green Solar, oversaw the operations of Green Solar Tech California INC.

46.   Plaintiff alleges on information and belief that Defendant Yavor, knew the calls described above were being made and did nothing, or was willfully and recklessly ignorant of the fact his company and or its agents were making the calls described above. This included hiring in the ordering, procuring, and transmission of telemarketing calls including those complained of herein.

47.   Defendant Yavor is in violation of the CSLB settlement he agreed to so as to "Obey All Laws," as detailed previously.

### Liability of Ken Ichi Ito

48.   Plaintiff alleges on information and belief that Ken I. Ito as the in-house counsel directly employed by Green Solar, oversaw the operations is the responsible party for receiving, maintaining, investigating and responding to complaints about TCPA violations for Green Solar Tech California INC.

49.   Plaintiff alleges on information and belief that Defendant Ito knew the calls described above were being made and did nothing, or was willfully and recklessly ignorant of the fact his employer and or its agents were making the

Complaint For Damages And Injunctive Relief

calls described above. This included hiring in the ordering, procuring, and transmission of telemarketing calls including those complained of herein.

50.     Defendant Ito is in violation of the CSLB settlement he personally signed to "Obey All Laws," as detailed previously.

### Actual Harm & Willful and Knowing Conduct

51.     Plaintiff as a then 61 year old semi-disabled senior citizen, has been harmed by the junk calls complained of herein by the direct waste of his time during the calls themselves, the indirect waste of time in having to break from other important tasks and spend time catching up after these junk calls, the waste of telephone service which he and not Defendants must pay for, the costs of having to pursue legal remedies, and in the aggravation and consequent health effects of stress these illegal intrusions have caused.

52.     Plaintiff has been harmed by the calls he did not answer by the direct waste of his time in having to check the Caller ID while he was busy in meetings or with other projects before declining the call, the indirect waste of time in having to break from other important tasks and spend time catching up after these junk calls, the waste of telephone service which he and not Defendants must pay for, the costs of having to pursue legal remedies, and in the aggravation and consequent health effects of stress these illegal intrusions have caused.

53.     During each of Defendants' calls, Plaintiff wanted to make or receive a call to/from someone else for his own personal reasons and was blocked from doing so by the line being tied up by Defendants.

54.     Furthermore, Plaintiff has a genetic auto-immune disorder and is deemed legally physically disabled as can't walk properly (handicap placard #M 406918). Defendants actions caused damage in that they forced Plaintiff to continue to rush and limp to his phone so as not to miss a call from his doctors and others.

55.     Plaintiff alleges on information and belief that Defendants made the calls described above intentionally, in the sense that the number called was the one they meant to call in pitching their services.

56.     Plaintiff alleges on information and belief that Defendants made the calls described above knowingly that they were made in contravention of the TCPA and other telemarketing laws and regulations.

## FIRST CAUSE OF ACTION

[TCPA – Autodialed Calls To Residential Phone – 12 Calls]

57.     Plaintiff realleges all paragraphs above and incorporates them herein by reference.

58.     This cause of action is to all of the twelve calls previously detailed in paragraph 16 of this complaint.

59.     Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

60.     Subdivision (b) (1) (B) of Section 227 of Title 47 of the United States Code makes it unlawful for any person to "**to initiate any telephone call to <u>any</u> <u>residential telephone line</u> using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party.**"

61.     Defendants have called Plaintiff's residential number — using an automatic telephone dialing system or an artificial or prerecorded voice during the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658.  These calls are only the calls known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery, that it is quite likely that Defendant has made many more violative calls to Plaintiff's residential phone.  These calls were not made for any emergency purpose, nor were these calls exempt under subdivision (c) of section 64.1200 of title 47 of the Code of

Complaint For Damages And Injunctive Relief

Federal Regulations.

62.    Subdivision (b)(3) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations of "this subsection", including 47 U.S.C. §227 (b) (1) (A) (iii).  Plaintiff may recover $500.00 for each violation, or both.  If the court finds that defendants' violations were willful or knowing, it may, in its discretion, award up to three times that amount.

## SECOND CAUSE OF ACTION

### [TCPA Do Not Call Violations For All 12 Calls]

63.    Plaintiff realleges all paragraphs above and incorporates them herein by reference.

64.    This cause of action is to all of the twelve calls previously detailed in paragraph 16 of this complaint.

65.    Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

66.    Subdivision (c) (2) of Section 64.1200 of Title 47 of the Code of Federal Regulations makes it unlawful for any person to **"initiate any telephone solicitation"** who has requested his or her telephone number be placed on the internal do-not-call list of the Defendants who do not wish to receive telephone solicitations."

67.    Defendants have called Plaintiff's telephone line for solicitation purposes during the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658.  These calls are the only calls known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery, that it is quite likely that Defendant has made many more violative calls to Plaintiff's residential telephone line.  These calls were not made in error, nor did Defendant have express permission from Plaintiff to call, nor did Defendant have a personal

Complaint For Damages And Injunctive Relief

relationship with Plaintiff.  37 C.F.R. § 64.1200 (c) (i), (ii), & (iii).

68.    Subdivision (c)(5) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations the national do-not-call rules promulgated thereunder.  Plaintiff may obtain relief in the form of injunctive relief, or Plaintiff may recover $500.00 for each violation, or both.  If the court finds that defendants' violations were willful or knowing, it may, in its discretion, award up to three times that amount.

WHEREFORE Plaintiff prays for judgment against defendants, and each of them, as follows:

On the FIRST CAUSE OF ACTION:

1. For an award of $500.00 for each violation of 47 U.S.C. § 227 (b);

2. For an award of $1,500.00 for each such violation found to have been willful;

3. Injunctive relief to prevent further illegal calls;

4. For costs of suit herein incurred; and

5. For such further relief as the Court deems proper.

On the SECOND CAUSE OF ACTION:

1. For an award of $500.00 for each violation of 47 U.S.C. § 227 (c);

2. For an award of $1,500.00 for each such violation found to have been willful;

3. Injunctive relief to prevent further illegal calls;

4. For costs of suit herein incurred; and

5. For such further relief as the Court deems proper.

On ALL CAUSES OF ACTION:  For attorney's fees pursuant to California Code of Civil Procedure § 1021.5; 25  For costs of suit herein incurred; and For such further relief as the Court deems proper.

Complaint For Damages And Injunctive Relief

DATED: March 11, 2021

KENNETH J. MOSER

Complaint For Damages And Injunctive Relief

# Exhibit
# 1

| | |
|---|---|
| **From:** | Feranmi Fakorode |
| **To:** | Kmoser1@san.rr.com |
| **Subject:** | Solar Energy - Electric Bill - |
| **Date:** | Friday, April 10, 2020 10:56:53 AM |

Hey this is Feranmi, I'm your Solar Advisor here at Green Solar Technologies.
Just reaching out to you for a copy of your electricity bill. Once we have that, we
will be able to put your system and price together to present to you.
  Let me know when you would like us to give you a call to present your quote, I'm
confident we can help you achieve your Solar goals.

How does this work?:
1- We call you, you answer the Phone
2- We Email your quote, you open the Email we send you
3- Go over any questions you might have with our Senior Solar Advisors.

Best,

--



## Feranmi Fakorode

*Solar Adviser*
**d.** 424 235 5822
**e.** feranmif@greensoltech.com

*Turn sunshine into savings*

# Exhibit 2

## Ken J. Moser at home

| | |
|---|---|
| **From:** | Feranmi Fakorode <feranmif@greensoltech.com> |
| **Sent:** | Friday, April 10, 2020 1:55 PM |
| **To:** | Ken J. Moser at home |
| **Subject:** | Re: Solar Energy - Electric Bill - |

Yes- however we are currently working from home.

On Fri, Apr 10, 2020 at 1:54 PM Ken J. Moser at home <kmoser1@san.rr.com> wrote:

Are you the folks in Burbank or North Hollywood as your website details?

**From:** Feranmi Fakorode [mailto:feranmif@greensoltech.com]
**Sent:** Friday, April 10, 2020 1:36 PM
**To:** Ken J. Moser at home
**Subject:** Re: Solar Energy - Electric Bill -

I do not- we were simply reaching out for a picture of the electricity usage on the home.

On Fri, Apr 10, 2020 at 1:34 PM Ken J. Moser at home <kmoser1@san.rr.com> wrote:

Do you have an HIS license number?

**From:** Feranmi Fakorode [mailto:feranmif@greensoltech.com]
**Sent:** Friday, April 10, 2020 10:57 AM
**To:** Kmoser1@san.rr.com
**Subject:** Solar Energy - Electric Bill -

Hey this is Feranmi, I'm your Solar Advisor here at Green Solar Technologies.
Just reaching out to you for a copy of your electricity bill. Once we have that, we will be able to put your system and price together to present to you.
  Let me know when you would like us to give you a call to present your quote, I'm confident we can help you achieve your Solar goals.

How does this work?:
1- We call you, you answer the Phone
2- We Email your quote, you open the Email we send you
3- Go over any questions you might have with our Senior Solar Advisors.

# Exhibit
# 3

BEFORE THE
REGISTRAR OF CONTRACTORS
CONTRACTORS STATE LICENSE BOARD
DEPARTMENT OF CONSUMER AFFAIRS
STATE OF CALIFORNIA

| | |
|---|---|
| In the Matter of the First Amended Accusation Against:<br><br>**GREEN SOLAR TECHNOLOGIES INC,**<br>6400 Laurel Canyon Blvd., Suite 400<br>North Hollywood, CA 91606<br>EDWARD HARNER, CEO/PRESIDENT<br>(4/11/2017 to present),<br>NICKI ZVIK (3/18/2014 – 12/29/2016),<br>SHAY YAVOR AKA SHAY YAVAR,<br>OFFICER (Undisclosed)<br>HARROLD SHIELDS, OFFICER<br>(Undisclosed)<br>JERRY SERGEY GOLDMAN, RMO<br>(3/18/2014 – 5/28/2015),<br>RODRIGO GONZALEZ, RME (10/2/2015 – 3/20/2016),<br>EDMUNDO CHACON, RME (3/21/2016 – 4/3/2016),<br>RICARDO HUMBERTO GUDINO, RME<br>(7/26/2016 – 8/26/2017)<br><br>Contractor's License No. 991275,<br><div align="right">Respondent.</div> | CASE NO. N2016-283<br><br>OAH NO. 2018020393<br><br>ORDER TO ADOPT<br>STIPULATED SETTLEMENT |
| **GREEN SOLAR TECH CALIFORNIA INC<br>DBA GREEN HOME TECHNOLOGIES**<br>3727 W. Magnolia Blvd, #1526<br>Burbank, CA 91505<br>EDWARD LAI HARNER, CEO/PRESIDENT<br>(11/27/17 to present)<br>RICARDO HUMBERTO GUDINO, RME<br>(11/27/17 to present)<br><br>Contractor's License No. 1033238,<br><div align="right">Affiliated Party.</div> | |

The attached Stipulated Settlement is hereby adopted by the Registrar of Contractors as his Decision in the above-entitled matter. The failure to comply with any of the terms and conditions as set forth in the provisions of probation will be deemed a violation of probation.

PAGE 1

IT IS FURTHER ORDERED that pursuant to Section 7102 of the Business and Professions Code and Section 870 of Title 16 of the California Code of Regulations, respondent **GREEN SOLAR TECHNOLOGIES INC**, License Number **991275**, shall not apply for reissuance or reinstatement of said license for <u>five</u> year(s) from the effective date of this decision.

IT IS FURTHER ORDERED that **GREEN SOLAR TECH CALIFORNIA INC DBA GREEN HOME TECHNOLOGIES**, License Number **1033238**, on the effective date of this Decision shall have on file a Disciplinary Bond or post a cash deposit in the amount of $<u>30,000.00</u>, for a period of not less than <u>three</u> years pursuant to Section 7071.8 of the Business and Professions Code. Any suspension for failing to post a disciplinary bond or a cash deposit, or any suspension for any other reason, shall not relieve the Respondent from complying with the terms and conditions of probation. Furthermore, suspension of the license during the period of probation, for any reason under this chapter, will cause the probationary period to be automatically extended in time equal to the length of time that the license is not in a clear and active status.

IT IS FURTHER ORDERED that respondents shall pay the investigative costs in the amount of $12,020.50. Monthly payments are to be made in the amount of $400.68, until completed. Payments are to be made at the end of each month, commencing the first full month after the effective date of this decision.

IT IS THE responsibility of the respondents, named in this Order, to read and follow the Order. The deadlines for meeting the terms and conditions are based upon the EFFECTIVE DATE of this Decision. No notices or reminders will be sent as to compliance with the terms and conditions. Proof of payments of restitution and payments for the Cost of Investigation and Enforcement if ordered, are to be sent to CSLB, Sacramento Case Management, Post Office Box 26888, Sacramento, CA 95826.

This Decision shall become effective on <u>March 25, 2019</u>.

IT IS SO ORDERED <u>February 21, 2019</u>.

David Fogt
Registrar of Contractors

PAGE 2

1   XAVIER BECERRA
    Attorney General of California
2   ARMANDO ZAMBRANO
    Supervising Deputy Attorney General
3   BRIAN LEE
    Deputy Attorney General
4   State Bar No. 253592
    300 So. Spring Street, Suite 1702
5   Los Angeles, CA 90013
      Telephone: (213) 269-6621
6     Facsimile: (213) 897-2804
    *Attorneys for Complainant*

7                          BEFORE THE
8                  REGISTRAR OF CONTRACTORS
             CONTRACTORS' STATE LICENSE BOARD
9              DEPARTMENT OF CONSUMER AFFAIRS
                    STATE OF CALIFORNIA
10

11  | In the Matter of the Accusation Against: | Case No. N2016-283 |
12  **GREEN SOLAR TECHNOLOGIES INC,**
    6400 Laurel Canyon Blvd., Suite 400      OAH No. 2018020393
    North Hollywood, CA 91606
13  EDWARD HARNER, CEO/PRESIDENT              **STIPULATED SETTLEMENT AND**
    (4/11/2017 to present),                   **DISCIPLINARY ORDER**
14  NICKI ZVIK (3/18/2014 – 12/29/2016),
    SHAY YAVOR AKA SHAY YAVAR,
15  OFFICER (Undisclosed)
    HAROLD SHIELDS, OFFICER (Undisclosed)
16  JERRY SERGEY GOLDMAN, RMO
    (3/18/2014 – 5/28/2015),
17  RODRIGO GONZALEZ, RME (10/2/2015 –
    3/20/2016),
18  EDMUNDO CHACON, RME (3/21/2016 –
    4/3/2016),
19  RICARDO HUMBERTO GUDINO, RME
    (7/26/2016 – 8/26/2017)
20
    Contractor's License No. 991275,
21                              Respondent.

22  **GREEN SOLAR TECH CALIFORNIA**
    **INC DBA GREEN HOME**
23  **TECHNOLOGIES**
    3727 W. Magnolia Blvd, #1526
24  Burbank, CA 91505
    EDWARD LAI HARNER, CEO/PRESIDENT
25  (11/22/17 to present)
    RICARDO HUMBERTO GUDINO, RME
26  (11/22/17 to present)

27  Contractor's License No. 1033238,
                          Affiliated Party.
28

                            1

1   IT IS HEREBY STIPULATED AND AGREED by and between the parties to the above-
2   entitled proceedings that the following matters are true:

3   ## PARTIES

4   1.   Wood Robinson (Complainant) is the Enforcement Supervisor I of the Contractors'
5   State License Board (Registrar).  He brought this action solely in his official capacity and is
6   represented in this matter by Xavier Becerra, Attorney General of the State of California, by
7   Brian Lee, Deputy Attorney General.

8   2.   Green Solar Technologies Inc (Respondent) and Green Solar Tech California Inc dba
9   Green Home Technologies (Affiliated Party) are represented in this proceeding by attorney Ken I.
10  Ito, whose address is 6400 Laurel Canyon Blvd., Ste. 400, North Hollywood, CA 91606 and Shai
11  Oved, The Law Offices of Shai Oved, whose address is 7445 Topanga Canyon Blvd., #220,
12  Canoga Park, CA 91303.

13  3.   On or about March 18, 2014, the Registrar of Contractors (Registrar) issued
14  Contractor's License No. 991275 to Green Solar Technologies Inc (GST), Edward Harner,
15  CEO/President (4/11/2017 to present), Nicki Zvik, (3/18/2014 – 12/29/2016), Jerry Sergey
16  Goldman, RMO (3/18/2014 – 5/28/2015), Rodrigo Gonzalez, RME (10/2/2015 – 3/20/2016),
17  Edmundo Chacon, RME (3/21/2016 – 4/3/2016), and Ricardo Humberto Gudino, RME
18  (7/26/2016 – 8/26/2017).  The Contractor's License was in full force and effect at all times
19  relevant to the charges brought herein and will expire on March 31, 2020, unless renewed.

20  4.   On or about November 22, 2017, the Registrar issued Contractor's License No.
21  1033238 to Green Solar Tech California Inc dba Green Home Technologies (GHT), Edward Lai
22  Harner, CEO/President (11/22/2017 to present) and Ricardo Humberto Gudino, RME
23  (11/22/2017 to present).  The Contractor's License will expire on November 30, 2019, unless
24  renewed.

25  ## JURISDICTION

26  5.   The Accusation and all other statutorily required documents were properly served on
27  Respondent on November 17, 2017.  Respondent timely filed its Notice of Defense contesting
28  the Accusation.  On August 30, 2018, Amended Accusation No. N2016-283 was filed before the

2

1   Registrar, and is currently pending against Respondent. The Amended Accusation and all other

2   statutorily required documents were properly served on Respondent on August 30, 2018.

3       6.    A copy of Amended Accusation No. N2016-283 is attached as exhibit A and

4   incorporated herein by reference.

5   <div align="center">**ADVISEMENT AND WAIVERS**</div>

6       7.    Respondent has carefully read, fully discussed with counsel, and understands the

7   charges and allegations in Amended Accusation No. N2016-283. Respondent has also carefully

8   read, fully discussed with counsel, and understands the effects of this Stipulated Settlement and

9   Disciplinary Order.

10       8.    Respondent is fully aware of its legal rights in this matter, including the right to a

11   hearing on the charges and allegations in the Amended Accusation; the right to confront and

12   cross-examine the witnesses against them; the right to present evidence and to testify on its own

13   behalf; the right to the issuance of subpoenas to compel the attendance of witnesses and the

14   production of documents; the right to reconsideration and court review of an adverse decision;

15   and all other rights accorded by the California Administrative Procedure Act and other applicable

16   laws.

17       9.    Respondent voluntarily, knowingly, and intelligently waives and gives up each and

18   every right set forth above.

19   <div align="center">**CULPABILITY**</div>

20       10.    Respondent understands and agrees that the charges and allegations in Amended

21   Accusation No. N2016-283, if proven at a hearing, constitute cause for imposing discipline upon

22   its Contractor's License.

23       11.    For the purpose of resolving the Amended Accusation without the expense and

24   uncertainty of further proceedings, Respondent agrees that, at a hearing, Complainant could

25   establish a factual basis for the charges in the Amended Accusation, and that Respondent hereby

26   gives up its right to contest those charges.

27   / / /

28   / / /

<div align="center">3</div>

STIPULATED SETTLEMENT (N2016-283)

1    12.   Respondent agrees that its Contractor's License is subject to discipline and they agree

2  to be bound by the Registrar's imposition of discipline as set forth in the Disciplinary Order

3  below.

4                                  **RESERVATION**

5    13.   The admissions made by Respondent herein are only for the purposes of this

6  proceeding, or any other proceedings in which the Registrar of Contractors, Contractors' State

7  License Board, or other professional licensing agency is involved, and shall not be admissible in

8  any other criminal or civil proceeding.

9                                  **CONTINGENCY**

10    14.   This stipulation shall be subject to approval by the Registrar of Contractors or the

11  Registrar's designee. Respondent understands and agrees that counsel for Complainant and the

12  staff of the Contractors' State License Board may communicate directly with the Registrar

13  regarding this stipulation and settlement, without notice to or participation by Respondent or its

14  counsel. By signing the stipulation, Respondent understands and agrees that they may not

15  withdraw its agreement or seek to rescind the stipulation prior to the time the Registrar considers

16  and acts upon it. If the Registrar fails to adopt this stipulation as its Decision and Order, the

17  Stipulated Settlement and Disciplinary Order shall be of no force or effect, except for this

18  paragraph, it shall be inadmissible in any legal action between the parties, and the Registrar shall

19  not be disqualified from further action by having considered this matter.

20    15.   The parties understand and agree that Portable Document Format (PDF) and facsimile

21  copies of this Stipulated Settlement and Disciplinary Order, including PDF and facsimile

22  signatures thereto, shall have the same force and effect as the originals.

23    16.   This Stipulated Settlement and Disciplinary Order is intended by the parties to be an

24  integrated writing representing the complete, final, and exclusive embodiment of their agreement.

25  It supersedes any and all prior or contemporaneous agreements, understandings, discussions,

26  negotiations, and commitments (written or oral). This Stipulated Settlement and Disciplinary

27  Order may not be altered, amended, modified, supplemented, or otherwise changed except by a

28  writing executed by an authorized representative of each of the parties.

STIPULATED SETTLEMENT (N2016-283)

17.    In consideration of the foregoing admissions and stipulations, the parties agree that the Registrar may, without further notice or formal proceeding, issue and enter the following Disciplinary Order:

## DISCIPLINARY ORDER

### GREEN SOLAR TECHNOLOGIES INC Contractor's License No. 991275 (Respondent)

**IT IS HEREBY ORDERED** that Contractor's License No. 991275 issued to Respondent Green Solar Technologies Inc, Edward Harner, Nicki Zvik, Jerry Sergey Goldman, Rodrigo Gonzalez, Edmundo Chacon, Ricardo Humberto Gudino is revoked.

### GREEN SOLAR TECH CALIFORNIA INC DBA GREEN HOME TECHNOLOGIES Contractor's license No. 1033238 (Affiliated Party/License)

**IT IS HEREBY FURTHER ORDERED** that Contractor's License No. 1033238 issued to Green Solar Tech California dba Green Home Technologies ("GHT"), with Edward Lai Harner as CEO and Ricardo Humberto Gudino as RME, is revoked. However, the revocation is stayed and Respondent is placed on probation for three (3) years on the following terms and conditions:

1.    **Obey All Laws.** GHT shall comply with all federal, state and local laws, including all building laws and uniform codes, governing the activities of a licensed contractor in California.

2.    **Interviews With Enforcement Representative.** GHT and any of GHT's personnel of record shall appear in person for interview with the Registrar or designee upon request and reasonable notice during the probationary period.

3.    **Completion Of Probation.** Upon successful completion of probation, GHT's Contractor's license will be fully restored.

4.    **Violation Of Probation.** If GHT violates probation or any condition of probation in any respect, the Registrar, after giving notice and opportunity to be heard, may revoke probation and impose the disciplinary order that is stayed. If an accusation or petition to revoke probation is filed against GHT during the probationary period, then the Registrar shall have continuing jurisdiction of this matter until the subsequent matter is final, and the period of probation and all the conditions of probation in this matter shall be extended until the subsequent matter is final. If

5

1 | there is an order to make restitution or pay cost recovery and GHT fails to comply with the

2 | restitution or cost recovery order and make a payment, the Registrar may immediately lift the stay

3 | and reimpose the disciplinary order without giving GHT an opportunity to be heard.

4 |     5.    **Respond to Inquiry from Probation Monitor.**  GHT shall respond in writing within

5 | 20 calendar days of any written inquiry or demand from the Registrar or authorized designee

6 | (Probation Monitor) during the probation period.  Failure to respond within the allotted timeframe

7 | shall be considered a violation of the terms of probation.

8 |     6.    **Disciplinary Bond.** Not later than the effective date of the decision, GHT shall file

9 | or have on file a disciplinary contractor's bond in a sum to be fixed by the registrar based upon

10 | the seriousness of the violation, but which sum shall not be less than fifteen thousand dollars

11 | ($15,000) nor more than 10 times that amount required by Business and Professions Code section

12 | 7071.6.  The disciplinary bond is in addition to, may not be combined with, and does not replace

13 | any other type of contractor's bond.  The disciplinary bond shall remain on file with the registrar

14 | for a period of at least three years and for such additional time as the registrar may determine, as

15 | required by Business and Professions Code section 7071.8.

16 |     7.    **Production of Documents.** GHT shall submit copies of documents directly related

17 | to construction operations to the Registrar or designee upon demand during the probationary

18 | period.

19 |     8.    **Direct Supervision.** GHT shall submit to the Registrar or designee for approval

20 | within thirty (30) days of the effective date of the Decision and Order a detailed plan setting forth

21 | the procedure to be used to provide for direct supervision and control of GHT's construction

22 | activities by the qualifying individual on the license.

23 |     9.    **Cost Recovery.** GHT shall pay to the Registrar pursuant to Business and Professions

24 | Code section 125.3 the costs of investigation and enforcement in this matter in the amount of

25 | $12,020.50, due jointly and severally with GST, within thirty (30) months of the effective date of

26 | the Decision and Order.  Payments shall be made in equal monthly installments beginning thirty

27 | (30) days from the effective date of the Decision and Order.

28 | ///

6

STIPULATED SETTLEMENT (N2016-283)

1

## ACCEPTANCE

2    I have carefully read the above Stipulated Settlement and Disciplinary Order and have fully

3    discussed it with my attorneys, Ken I. Ito and Shai Oved.  I understand the stipulation and the

4    effect it will have on Green Solar Technologies Inc's Contractor's License. I enter into this

5    Stipulated Settlement and Disciplinary Order voluntarily, knowingly, and intelligently, and agree

6    to be bound by the Decision and Order of the Registrar of Contractors, Contractors' State License

7    Board.

8

9    DATED: 2/4/19

10                                            EDWARD HARNER, CEO/PRESIDENT
                                              GREEN SOLAR TECHNOLOGIES INC
11                                            *Respondent*

12    I have carefully read the above Stipulated Settlement and Disciplinary Order and have fully

13    discussed it with my attorneys, Ken I. Ito and Shai Oved.  I understand the stipulation and the

14    effect it will have on Green Solar Tech California Inc dba Green Home Technologies Contractor's

15    License. I enter into this Stipulated Settlement and Disciplinary Order voluntarily, knowingly,

16    and intelligently, and agree to be bound by the Decision and Order of the Registrar of

17    Contractors, Contractors' State License Board.

18

19    DATED: 2/4/19

20                                            EDWARD LAI HARNER, CEO/PRESIDENT
                                              GREEN SOLAR TECH CALIFORNIA INC DBA
21                                            GREEN HOME TECHNOLOGIES
                                              *Affiliated Party*
22

23    I have read and fully discussed with Respondent and Affiliated Party the terms and

24    conditions and other matters contained in the above Stipulated Settlement and Disciplinary Order.

25    I approve its form and content.

26

27    DATED: 2/4/19

28                                            KEN I. ITO
                                              *Attorneys for Respondent and Affiliated Party*

7

1     I have read and fully discussed with Respondent and Affiliated Party the terms and

2  conditions and other matters contained in the above Stipulated Settlement and Disciplinary Order.

3  I approve its form and content.

4

5  DATED:    2/4/19

6                       SHAI OVED

                         *Attorneys for Respondent and Affiliated Party*

7

8                   **ENDORSEMENT**

9     The foregoing Stipulated Settlement and Disciplinary Order is hereby respectfully

10  submitted for consideration by the Registrar of Contractors, Contractors' State License Board.

11

12  Dated: 2/5/19                   Respectfully submitted,

13                     XAVIER BECERRA

                     Attorney General of California

14                   ARMANDO ZAMBRANO

15                   Supervising Deputy Attorney General

16

17                   BRIAN LEE

18                   Deputy Attorney General

                     *Attorneys for Complainant*

19

20

21  LA2017604417

22  63092248_4.docx

23

24

25

26

27

28

STIPULATED SETTLEMENT (N2016-283)

# Exhibit
# A

1   XAVIER BECERRA
    Attorney General of California
2   ARMANDO ZAMBRANO
    Supervising Deputy Attorney General
3   BRIAN LEE
    Deputy Attorney General
4   State Bar No. 253592
      300 So. Spring Street, Suite 1702
5     Los Angeles, CA 90013
      Telephone: (213) 269-6621
6     Facsimile: (213) 897-2804
    *Attorneys for Complainant*

7

8                              BEFORE THE
                       REGISTRAR OF CONTRACTORS
9                   CONTRACTORS' STATE LICENSE BOARD
                    DEPARTMENT OF CONSUMER AFFAIRS
                          STATE OF CALIFORNIA
10

11  | In the Matter of the First Amended Accusation | Case No. N2016-283 |
    | Against: | |

12  | **GREEN SOLAR TECHNOLOGIES INC,** | OAH No. 2018020393 |
    | 6400 Laurel Canyon Blvd., Suite 400 | |
13  | North Hollywood, CA 91606 | |
    | EDWARD HARNER, CEO/PRESIDENT | |
14  | (4/11/2017 to present), | |
    | NICKI ZVIK (3/18/2014 – 12/29/2016), | |
15  | SHAY YAVOR AKA SHAY YAVAR, | |
    | OFFICER (Undisclosed) | |
16  | HAROLD SHIELDS, OFFICER (Undisclosed) | **FIRST AMENDED** |
    | JERRY SERGEY GOLDMAN, RMO | |
17  | (3/18/2014 – 5/28/2015), | **ACCUSATION** |
    | RODRIGO GONZALEZ, RME (10/2/2015 – | |
18  | 3/20/2016), | |
    | EDMUNDO CHACON, RME (3/21/2016 – | |
19  | 4/3/2016), | |
    | RICARDO HUMBERTO GUDINO, RME | |
20  | (7/26/2016 – 8/26/2017) | |

21  | Contractor's License No. 991275, | |
    | Respondent. | |
22

23  | **GREEN SOLAR TECH CALIFORNIA INC** | |
    | **DBA GREEN HOME TECHNOLOGIES** | |
24  | 3727 W. Magnolia Blvd, #1526 | |
    | Burbank, CA 91505 | |
25  | EDWARD LAI HARNER, CEO/PRESIDENT | |
    | (11/22/17 to present) | |
26  | RICARDO HUMBERTO GUDINO, RME | |
    | (11/22/17 to present) | |
27

    | Contractor's License No. 1033238, | |
28  | Affiliated Party. | |

                                      1

1    Complainant alleges:

2                                **PARTIES**

3       1.      Wood Robinson (Complainant) brings this First Amended Accusation solely in his

4    official capacity as the Enforcement Supervisor I of the Contractors' State License Board,

5    Department of Consumer Affairs (Board).

6       **License History**

7       Green Solar Technologies Inc

8       2.      On or about March 18, 2014, the Registrar of Contractors (Registrar) issued

9    Contractor's License No. 991275 to Green Solar Technologies Inc ("GST"), Edward Harner,

10   CEO/President (4/11/2017 to present), Nicki Zvik, (3/18/2014 – 12/29/2016), Shay Yavor aka

11   Shay Yavar, Officer (Undisclosed), Harold Shields, Officer (Undisclosed), Jerry Sergey Goldman,

12   RMO (3/18/2014 – 5/28/2015), Rodrigo Gonzalez, RME (10/2/2015 – 3/20/2016), Edmundo

13   Chacon, RME (3/21/2016 – 4/3/2016), Ricardo Humberto Gudino[1], RME (7/26/2016 –

14   8/26/2017) (Respondent).  The Contractor's License was in full force and effect at all times

15   relevant to the charges brought herein and will expire on March 31, 2020, unless renewed.

16      Affiliated Party - Green Solar Tech California Inc dba Green Home Technologies

17      3.      On or about November 22, 2017, the Registrar issued Contractor's License No.

18   1033238 to Green Solar Tech California Inc dba Green Home Technologies ("GHT"), Edward Lai

19   Harner, CEO/President (11/22/2017 to present) and Ricardo Humberto Gudino, RME

20   (11/22/2017 to present) (Affiliated Party).  The Contractor's License will expire on November 30,

21   2019, unless renewed.

22                              **JURISDICTION**

23      4.      This First Amended Accusation is brought before the Registrar for the Board, under

24   the authority of the following laws.  All section references are to the Business and Professions

25   Code unless otherwise indicated.

26      _____
        [1] Advance Electric, Ricardo Humberto Gudino
27         On or about April 25, 2006, the Registrar issued Contractor's License No. 876834 to
        Advance Electric, Ricardo Humberto Gudino, Sole Owner.  The Contractor's License expired on
28      April 30, 2018, and has not been renewed.

                                    2

5.    Section 118, subdivision (b), provides that the expiration of a license shall not deprive the Registrar of jurisdiction to proceed with a disciplinary action during the period within which the license may be renewed, restored, reissued or reinstated.  Under section 7076.1, the Registrar may reinstate a cancelled license if the licensee pays all of the fees and meets all of the qualifications and requirements for obtaining an original license.

6.    Section 7076.5 provides that the inactive status of a license shall not bar any disciplinary action for violating provisions of the Contractors' State License Law (Bus. & Prof. Code, § 7000, et seq.).

7.    Section 7090 provides that the Registrar may suspend or revoke any license or registration if the licensee or registrant is guilty of or commits any one or more of the acts or omissions constituting cause for disciplinary action.

8.    Section 7095 states that the Registrar in making his order may:

"(a)   Provide for the immediate complete suspension by the licensee of all operations as a contractor during the period fixed by the decision.

"(b)   Permit the licensee to complete any or all contracts shown by competent evidence taken at the hearing to be then uncompleted.

"(c)   Impose upon the licensee compliance with such specific conditions as may be just in connection with its operations as a contractor disclosed at the hearing, and may further provide that until such conditions are complied with, no application for restoration of the suspended or revoked licensee shall be accepted by the Registrar."

9.    Sections 7097 and 7098 provides that when any license has been suspended or revoked following a hearing, the Registrar may suspend or revoke any additional license issued in the name of the licensee or for which the licensee furnished qualifying experience and appearance under the provisions of 7068, without further notice.

10.    Section 7106.5 provides that the expiration, cancellation, forfeiture, or suspension of a license by operation of law or by order or decision of the registrar, or a court of law, or the voluntary surrender of the license shall not deprive the registrar of jurisdiction to proceed with any investigation of or action or disciplinary proceeding against the license, or to render a

3

1   decision suspending or revoking the license.

2      11.   Section 7121 states:

3      "A person who has been denied a license for a reason other than failure to document

4   sufficient satisfactory experience for a supplemental classification for an existing license, or who

5   has had his or her license revoked, or whose license is under suspension, or who has failed to

6   renew his or her license while it was under suspension, or who has been a partner, officer,

7   director, manager, or associate of any partnership, corporation, limited liability company, firm, or

8   association whose application for a license has been denied for a reason other than failure to

9   document sufficient satisfactory experience for a supplemental classification for an existing

10   license, or whose license has been revoked, or whose license is under suspension, or who has

11   failed to renew a license while it was under suspension, and while acting as a partner, officer,

12   director, manager, or associate had knowledge of or participated in any of the prohibited acts for

13   which the license was denied, suspended, or revoked, shall be prohibited from serving as an

14   officer, director, associate, partner, manager, qualifying individual, or member of the personnel of

15   record of a licensee, and the employment, election, or association of this type of person by a

16   licensee in any capacity other than as a nonsupervising bona fide employee shall constitute

17   grounds for disciplinary action."

18      12.   Section 7121.5 states:

19      "A person who was the qualifying individual on a revoked license, or of a license under

20   suspension, or of a license that was not renewed while it was under suspension, shall be

21   prohibited from serving as an officer, director, associate, partner, manager, or qualifying

22   individual of a licensee, whether or not the individual had knowledge of or participated in the

23   prohibited acts or omissions for which the license was revoked, or suspended, and the

24   employment, election, or association of that person by a licensee shall constitute grounds for

25   disciplinary action."

26      13.   Section 7122 states:

27      "The performance by an individual, partnership, corporation, limited liability company,

28   firm, or association of an act or omission constituting a cause for disciplinary action, likewise

4

1   constitutes a cause for disciplinary action against a licensee other than the individual qualifying

2   on behalf of the individual or entity, if the licensee was a partner, officer, director, manager, or

3   associate of that individual, partnership, corporation, limited liability company, firm, or

4   association at the time the act or omission occurred, and had knowledge of or participated in the

5   prohibited act or omission."

6        14.   Section 7122.5 states:

7        "The performance by an individual, partnership, corporation, limited liability company,

8   firm, or association of an act or omission constituting a cause for disciplinary action, likewise

9   constitutes a cause for disciplinary action against a licensee who at the time that the act or

10  omission occurred was the qualifying individual of that individual, partnership, corporation,

11  limited liability company, firm, or association, whether or not he or she had knowledge of or

12  participated in the prohibited act or omission."

13       15.   Section 7141 states:

14       "(a)   Except as otherwise provided in this chapter, a license that has expired may be

15  renewed at any time within five years after its expiration by filing an application for renewal on a

16  form prescribed by the registrar and payment of the appropriate renewal fee. Renewal under this

17  section shall be effective on the date an acceptable renewal application is filed with the board.

18  The licensee shall be considered unlicensed and there will be a break in the licensing time

19  between the expiration date and the date the renewal becomes effective. Except as provided in

20  subdivision (b), if the license is renewed after the expiration date, the licensee shall also pay the

21  delinquency fee prescribed by this chapter.

22       "(b)   An incomplete renewal application that had originally been submitted on or before the

23  license expiration date shall be returned to the licensee by the registrar with an explanation of the

24  reasons for its rejection. If a corrected and acceptable renewal application is not returned within

25  30 days after the license expiration date, the delinquency fee shall apply. The 30 day grace period

26  shall apply only to the delinquency fee. The license shall reflect an expired status for any period

27  between the expiration date and the date of submission of a correct and acceptable renewal

28  application.

5

1   "(c)   If so renewed, the license shall continue in effect through the date provided in Section

2   7140 that next occurs after the effective date of the renewal, when it shall expire if it is not again

3   renewed.

4   "(d)   If a license is not renewed within five years, the licensee shall make an application for

5   a license pursuant to Section 7066."

6   ## STATUTORY PROVISIONS

7   16.      Section 7068.1 of the Code states:

8   "(a)      The person qualifying on behalf of an individual or firm under paragraph (1), (2),

9   (3), or (4) of subdivision (b) of Section 7068 shall be responsible for exercising that direct

10   supervision and control of his or her employer's or principal's construction operations to secure

11   compliance with this chapter and the rules and regulations of the board. This person shall not act

12   in the capacity of the qualifying person for an additional individual or firm unless one of the

13   following conditions exists:

14   "(1)      There is a common ownership of at least 20 percent of the equity of each

15   individual or firm for which the person acts in a qualifying capacity.

16   "(2)      The additional firm is a subsidiary of or a joint venture with the first. 'Subsidiary,'

17   as used in this subdivision, means any firm at least 20 percent of the equity of which is owned by

18   the other firm.

19   "(3)      With respect to a firm under paragraph (2), (3), or (4) of subdivision (b) of Section

20   7068, the majority of the partners, officers, or managers are the same.

21   "(b)      Notwithstanding paragraphs (1) to (3), inclusive, of subdivision (a), a qualifying

22   individual may act as the qualifier for no more than three firms in any one-year period.

23   "(c)      The following definitions shall apply for purposes of this section:(1) 'Firm' means

24   a partnership, a limited partnership, a corporation, a limited liability company, or any other

25   combination or organization described in Section 7068.(2) 'Person' is limited to natural persons,

26   notwithstanding the definition of 'person' in Section 7025.

27   "(d)      The board shall require every applicant or licensee qualifying by the appearance of

28   a qualifying individual to submit detailed information on the qualifying individual's duties and

6

1    responsibilities for supervision and control of the applicant's construction operations.

2    "(e)    Violation of this section shall constitute a cause for disciplinary action and shall be

3    punishable as a misdemeanor by imprisonment in a county jail not to exceed six months, by a fine

4    of not less than three thousand dollars ($3,000), but not to exceed five thousand dollars ($5,000),

5    or by both the fine and imprisonment."

6    17.    Section 7112 of the Code states that "[o]mission or misrepresentation of a material

7    fact by an applicant or a licensee in obtaining, or renewing a license, or in adding a classification

8    to an existing license constitutes a cause for disciplinary action."

9    18.    Section 7116 of the Code states that "[t]he doing of any wilful or fraudulent act by

10   the licensee as a contractor in consequence of which another is substantially injured constitutes a

11   cause for disciplinary action."

12   19.    Section 7121 of the Code provides that a person who has had his or her license

13   revoked, or who has been a partner, officer, director, manager, or associate of any partnership,

14   corporation, limited liability company, firm, or association whose license has been revoked, and

15   while acting as a partner, officer, director, manager,  or associate had knowledge of or participated

16   in any of the prohibited acts for which the license was revoked, shall be prohibited from serving

17   as an officer, director, associate, partner, manager, qualifying individual, or member of the

18   personnel of record of a licensee, and the employment, election, or association of this type of

19   person by a licensee in any capacity other than as a nonsupervising bona fide employee shall

20   constitute grounds for disciplinary action.

21   20.    Section 7123 of the Code states:

22   "A conviction of a crime substantially related to the qualifications, functions and duties of a

23   contractor constitutes a cause for disciplinary action.  The record of conviction shall be conclusive

24   evidence thereof."

25   21.    Section 7124 of the Code states:

26   "A plea or verdict of guilty or a conviction following a plea of nolo contendere is deemed to

27   be a conviction within the meaning of this article.   The board may order the license suspended or

28   revoked, or may decline to issue a license, when the time for appeal has elapsed, or the judgment

7

1  of conviction has been affirmed on appeal or when an order granting probation is made

2  suspending the imposition of sentence, irrespective of a subsequent order under the provisions

3  of Section 1203.4 of the Penal Code allowing such person to withdraw his plea of guilty and to

4  enter a plea of not guilty, or setting aside the verdict of guilty, or dismissing the accusation,

5  information or indictment."

6     22.     Section 143.5(a) of the Code states:

7     "(a) No licensee who is regulated by a board, bureau, or program within the Department of

8  Consumer Affairs, nor an entity or person acting as an authorized agent of a licensee, shall

9  include or permit to be included a provision in an agreement to settle a civil dispute, whether the

10  agreement is made before or after the commencement of a civil action, that prohibits the other

11  party in that dispute from contacting, filing a complaint with, or cooperating with the department,

12  board, bureau, or program within the Department of Consumer Affairs that regulates the licensee

13  or that requires the other party to withdraw a complaint from the department, board, bureau, or

14  program within the Department of Consumer Affairs that regulates the licensee. A provision of

15  that nature is void as against public policy, and any licensee who includes or permits to be

16  included a provision of that nature in a settlement agreement is subject to disciplinary action by

17  the board, bureau, or program."

18     23.     Section 7116.5(a) of the Code states:

19     "It is a cause for discipline for a licensee to do any of the following:

20     (a)    Engage in any conduct that subverts or attempts to subvert an investigation of the

21  board."

22     24.     Section 7117 of the Code states:

23     "Acting in the capacity of a contractor under any license issued hereunder except: (a) in the

24  name of the licensee as set forth upon the license or (b) in accordance with the personnel of the

25  licensee as set forth in the application for such licensee, or as later changed as provided in this

26  chapter, constitutes a cause for disciplinary action."

27  ///

28  ///

8

25.     Section 7161(b) of the Code states:

"It is a misdemeanor for any person to engage in any of the following acts, the commission of which shall be cause for disciplinary action against licensee or applicant:

(b)     Making any substantial misrepresentation in the procurement of a contract for a home improvement or other work of improvement or making any false promise of a character likely to influence, persuade or, induce any person to enter into the contract."

26.     Section 7152 of the Code states:

(a) "Home improvement salesperson" is a person who is registered under this chapter and engaged in the business of soliciting, selling, negotiating, or executing contracts for home improvements, for the sale, installation or furnishing of home improvement goods or services, or of swimming pools, spas, or hot tubs on behalf of a home improvement contractor licensed under this chapter.

(b) A home improvement salesperson shall register with the board in order to engage in the business of, or act in the capacity of, a home improvement salesperson.

(c) The following shall not be required to be registered as home improvement salespersons:

(1) An officer of record of a corporation licensed pursuant to this chapter, or a manager, member, or officer of record of a limited liability company licensed pursuant to this chapter.

(2) A general partner listed on the license record of a partnership licensed pursuant to this chapter.

(3) A qualifying person, as defined in Section 7025.

(4) A salesperson whose sales are all made pursuant to negotiations between the parties if the negotiations are initiated by the prospective buyer at or with a general merchandise retail establishment that operates from a fixed location where goods or services are offered for sale.

(5) A person who contacts the prospective buyer for the exclusive purpose of scheduling appointments for a registered home improvement salesperson.

///

///

9

(6) A bona fide service repairperson who is in the employ of a licensed contractor and whose repair or service call is limited to the service, repair, or emergency repair initially requested by the buyer of the service.

(d) The exemption to registration provided under paragraphs (1), (2), and (3) of subdivision (c) shall apply only to those individuals who, at the time of the sales transaction, are listed as personnel of record for the licensee responsible for soliciting, negotiating, or contracting for a service or improvement that is subject to regulation under this article.

27. Section 7154(d) of the Code states:

(d) A home improvement contractor who employs a person to sell home improvement contracts while that person is not registered by the registrar as a home improvement salesperson as provided in this article, is subject to disciplinary action by the registrar.

28. Section 7155.5 of the Code states:

Violations of any provisions of this chapter by a home improvement salesperson likewise constitute cause for disciplinary action against the contractor by whom he or she was employed at the time the violation occurred, whether or not the contractor had knowledge of or participated in the act or omission constituting violations of this chapter.

## COST RECOVERY / RESTITUTION

29. Section 125.3 provides that the Registrar may request the administrative law judge to direct a licentiate found to have committed a violation or violations of the licensing act to pay a sum not to exceed the reasonable costs of the investigation and enforcement of the case.

30. Government Code section 11519, subdivision (d), provides that specified terms of probation may include an order of restitution, and where restitution is ordered and paid pursuant to the provisions of this subdivision, the amount paid shall be credited to any subsequent judgment in a civil action.

## FACTUAL BACKGROUND

## BOARD INVESTIGATION #1:  RESPONDENT'S FALSE LICENSE APPLICATIONS

31. During a Board investigation, on or about September 22, 2015, Jerry Sergey Goldman aka George Zverina, declared under penalty of perjury that he had no knowledge of Respondent

10

1   corporation or license No. 991275.  He admitted that he allowed Nicki Zvik and Shay Yavor to

2   use his own license No. 504952 to contract and perform work, and that he did not give any person

3   permission to act as his agent or to sign any documents.  Mr. Goldman informed the Board that he

4   was paid monthly for the use of his license by Shay Yavor and Nicki Zvik and admitted that he

5   did not exercise any supervision or control over the work performed while his license was being

6   used.

7       **Revoked Licenses**

8       32.   Yavor Inc dba American Home Remodeling, **Shay Yavor aka Shay Yavar**.  On or

9   about November 29, 2005, the Registrar issued Contractor's License No. 868370 (revoked

10  6/15/2009, Case No. S2006-168) to Yavor Inc dba American Home Remodeling, Shay Yavor,

11  CEO/President, Thomas S. Honeycutt, RMO.  The Contractor's License was **revoked on June 15,**

12  **2009,** pursuant to a decision and order in the administrative matter entitled *In the Matter of the*

13  *Accusation Against:  Yavor, Inc., dba American Home Remodeling,* Case No. S2006-168.  A copy

14  of the decision and order in Case No. S2006-1678 is incorporated herein in full.

15      33.   Y & Z Construction Inc, **Nicki Zvik.**  On or about September 19, 2005, the Registrar

16  issued Contractor's License No. 864431 to Y & Z Construction Inc, Nicki Zvik, CEO/President.

17  The Contractor's License expired on September 30, 2009, and was **revoked on January 11, 2010,**

18  pursuant to a decision and order in the administrative matter entitled *In the Matter of the*

19  *Accusation Against:  Y & Z Construction, Inc., and Kirk King Builders,* Case No. S2008-221.  A

20  copy of the decision and order in Case No. S2008-221 is incorporated herein in full.

21      34.   American Solar & Home Remodeling, **Jerry Sergey Goldman.**  On or about

22  February 3, 1987, the Registrar issued Contractor's License No. 504952 to Jerry Sergey Goldman

23  the sole owner of American Solar & Home Remodeling which did business under the following

24  names, among others: American Solar Systems dba American Solar & Home Remodeling,

25  American Solar Solution, American Solar Solution & Home Remodeling, American Solar

26  Systems, and Remodelex. The Contractor's License expired on May 31, 2015, and was **revoked**

27  **on March 7, 2016,** pursuant to a decision and order in the administrative matter entitled *In the*

28  *Matter of the Accusation Against: American Solar Systems dba American Solar & Home*

11

1  *Remodeling,"* Case No. N2014-190.  A copy of the decision and order in Case No. N2014-190 is

2  incorporated herein in full.

3      **Citations**

4      35.   On or about September 26, 1995, the Board issued administrative Citation No. 2 95

5  1788 to Terry John Madison Construction Corp[2], license no. 685499, with an automatic one year

6  suspension and fines and penalties.  The citation alleged violations of section 7083 [failure to

7  notify registrar of address change], 7115/7068.1 [RMO failure to supervise construction

8  operations], 7114 [aid and abet unlicensed person to evade contractors license law].  The citation

9  is final and incorporated herein in full.

10      36.   On or about June 4, 2003, the Board issued administrative Citation No. 2 2002 3265

11  to Remodelex, Jerry Sergey Goldman, sole owner, license No. 504952 with a modified $500.00

12  fine and penalty.  The citation alleged a violation of section 7114 [aid and abet unlicensed person

13  to evade contractors license law].  The citation is final and incorporated herein in full.

14      37.   On or about December 17, 2004, the Board issued administrative Citation No. 2 2004

15  2064 to Remodelex, license No. 504952 with a sustained $800.00 fine and penalty.  The citation

16  alleged violations of sections 7111.1 [failure to respond to written request, to cooperate in

17  investigation], and 7114 [aid and abet unlicensed person to evade contractors license law].  The

18  citation is final and incorporated herein in full.

19      38.   On or about April 27, 2007, the Board issued administrative Citation No. 2 2006 3020

20  to Y & Z Construction Inc., license No. 864431 with a $1,350.00 fine and penalty.  The citation

21  alleged violations of sections 7154 [employed unregistered home improvement salesperson], 7159

22  [home improvement contract form violations] 7161(a) [misleading, false or deceptive advertising

23  to induce contract], and 7191(a) ["Arbitration of Disputes" not clearly titled in contract].  The

24  citation is final and incorporated herein in full.

25  ///

26      [2] On or about March 17, 1994, the Board issued Contractor's License No. 685499 to John
27  Madison Terry Construction Corp, Jose Manuel Fernandez, CEO/President, Jerry Sergey
Goldman aka George Zverina, RMO (3/17/1994 – 8/1/1995). The Contractor's License expired on
28  3/31/1996.

12

**Secretary of State**

39.   On or about June 8, 2010, the Secretary of State filed Articles of Incorporation of Y & S Development, Inc, corporate no. C3302495, signed by Shay Yavor, Incorporator.

40.   Certificate(s) of Amendment of Articles of Incorporation changing the corporate name for corporate no. C3302495 were filed with the Secretary of State as follows:

| New Corporate Name | Signed By | Filing Date |
|---|---|---|
| American Solar Solution, Inc | Shay Yavor, President and Secretary | November 9, 2012 |
| American Solar Systems, Inc. | Nicki Zvik, President, and Shay Yavor, Secretary | May 27, 2014 |
| Green Solar Technologies, Inc. | Nicki Zvik, President, and Shay Yavor, Secretary | July 21, 2014 |

41.   On or about February 13, 2015, the Secretary of State filed Certificate of Amendment of Articles of Incorporation that changed Green Solar Technologies, Inc., corporate no. 3302495, outstanding shares from 1000 to 50,000,000, with a par value of $0.00001 per share, signed by Nicki Zvik, President and Secretary.

42.   Statement(s) of Information for corporate no. C3302495 were filed with the Secretary of State as follows:

| Officer(s) Name / Title | Director(s) | Filing Date |
|---|---|---|
| Nicki Zvik, CEO, Secretary, CFO | Nicki Zvik | September 20, 2011 |
| Shay Yavor, CEO, CFO, and Nicki Zvik, Secretary | Nicki Zvik | August 13, 2015 |

**Applications**

43.   On or about May 6, 2013, the Board received Respondent's completed Application for Original Contractor License – Examination Waiver, classification B, general building, with the business name of American Solar Solution Inc, signed by Shay Yavor, a revoked licensee, as 100% Owner and Jerry S. Goldman as RMO (Responsible Managing Officer), a corporate officer. Respondent answered "No" to question No. 12: "To the best of your knowledge, has anyone on

13

1  this application (or any company the person is or was a part of, or any immediate family member

2  of the applicant) ever received a citation from the Contractors State License Board or had a

3  contractor license or other professional or vocational license or registration denied, suspended, or

4  revoked by this state or elsewhere?" The application's attached Certification of Work Experience

5  for Shay Yavar, a revoked licensee, as RMO was certified by Jerry Goldman, dated April 2, 2013.

6  Jerry Goldman has admitted to the Board investigator that he had no direct knowledge of Shay

7  Yavar's work experience.

8      44.  On or about August 26, 2013, the Board received Respondent's amended Application

9  for Original Contractor License – Examination Waiver, classification C-46, solar, with the same

10  business name of American Solar Solution Inc, signed by Jerry S. Goldman as RMO owning 20%

11  of the business, and Shay Yavar, revoked licensee, as Secretary/Treasurer, and Nicki Zvik,

12  revoked licensee, as President.

13      45.  On or about February 12, 2014, the Board received Respondent's amended

14  Application for Original Contractor License – Examination Waiver, Section 4, signed by Jerry

15  Sergey Goldman as Secretary and Treasurer, and Nicki Zvik, revoked licensee, as President.

16      46.  On or about June 9, 2014, the Board received Respondent's Application to Change

17  Business Name or Address changing the business name of American Solar Solution Inc. to

18  American Solar Systems, Inc. with California Secretary of State corporate no. C3302495, signed

19  by officer Nicki Zvik, revoked licensee.

20      47.  On or about August 4, 2014, the Board received Respondent's Application to Change

21  Business Name or Address changing the business name to Green Solar Technologies, Inc., signed

22  by officer Nicki Zvik, revoked licensee.

23      48.  On or about August 25, 2015, the Board received Respondent's Application for

24  Additional Classification, seeking a B license, signed by Nicki Zvik, revoked licensee.

25  Respondent again answered "No" to question No. 12, the same question as set forth in paragraph

26  42 above.  The Application's attached Certification of Work Experience for Rodrigo Gonzalez,

27  as RME, was certified by Shay Yavar, dated August 20, 2015, who identified himself as Rodrigo

28  Gonzalez's "Employer."

49.   On or about February 10, 2016, the Board received Respondent's Application for Additional Classification, seeking a C-10 license, signed on February 2, 2016 by Nicki Zvik, revoked licensee.  Respondent again answered "No" to question No. 12, the same question as set forth in paragraph 42 above.

50.   On or about May 20, 2016, the Board received Respondent's Application for Replacing the Qualifying Individual, signed on May 12, 2016 by Nicki Zvik, revoked licensee. Respondent again answered "No" to question No. 12, the same question as set forth in paragraph 42 above.

51.   On or about November 10, 2016, the Board received Respondent's Application to Add New Officer to a Corporation, signed on November 4, 2016 by Nicki Zvik, revoked licensee. Respondent's Application sought to add Shay Yavor, who also signed the Application on November 7, 2016, to the license as Chief Executive Officer.  Respondent answered "Yes" to question No. 10, the same question as set forth in paragraph 42 above.  Respondent admitted that Shay Yavor and Nicki Zvik were both revoked licensees.  On or about December 29, 2016, the application was withdrawn by Respondent.

52.   On or about January 3, 2017, the Board received Respondent's Application to Add New Officer to a Corporation, signed on December 29, 2016 by Nicki Zvik, revoked licensee. Respondent's Application sought to add Edward Harner, who also signed the Application on December 29, 2016, to the license as Chief Executive Officer.  Respondent admitted that "Yes" to question No. 10, the same question as set forth in paragraph 42 above.  Respondent only identified that Edward Harner had his accounting license revoked due to a criminal matter.

**BOARD INVESTIGATION #2: MISREPRESENTATION BY A NON-REGISTERED HOME IMPROVEMENT SALESPERSON AND SUBSEQUENT EFFORT TO SUBVERT COOPERATION WITH THE BOARD**

53.   On or about August 21, 2017, a written contract was entered into between homeowner S.A. and Respondent Green Solar Technologies, Inc. (GST).  The scope of the work to be performed included installation of a solar photovoltaic solar system at a residence.  The contract was sold by Harold Shields, an undisclosed officer who represented himself as being the "Chief

15

1  Executive Officer" of GST.  Harold Shields was neither registered with the Board as a home

2  improvement salesperson nor identified as Respondent's Chief Executive Officer with the Board

3       54.    Homeowner S.A. cancelled the contract after the 3 day right to cancel, but before any

4  materials had been ordered.  Respondent GST responded by demanding performance or payment

5  and threatening a mechanic's lien against S.A.'s property.

6       55.    On or about September 29, 2017, Respondent GST recorded a mechanic's lien for

7  $10,000 against S.A.'s property.

8       56.    On or about September 29, 2017, S.A. filed a complaint with the Contractors State

9  License Board (CSLB), Case No. S F 2017 004927.

10       57.    On or about December 20, 2017, a lawsuit was filed by GST against S.A. in

11  California Superior Court, County of Ventura, Civil Case No. 56-2017-00505594-CL-BC-VTA.

12       58.    After negotiations, Respondent Green Solar Technologies Inc. drafted a settlement

13  with S.A. that included the following provision:

14       "[S.A.] agrees to dismiss, withdraw, or drop his CSLB complaint. [S.A.] shall cooperate to

15  sign any document(s) necessary to facilitate the dismissal or withdrawal of the CSLB Complaint.

16  [S.A.] will not be responsible for any actions taken by the CSLB following [S.A.]'s dismissal or

17  withdrawal of the CSLB Complaint.  Any further pursuit by CSLB for violations brought about by

18  [S.A.]'s CSLB Complaint against GST shall not be construed as a violation of this Agreement by

19  [S.A.]."

20       59.    The settlement agreement was executed by S.A. on or about January 23, 2018 and by

21  Respondent GST on or about January 30, 2018.

22  **RESPONDENTS' CRIMINAL CONVICTIONS**

23       60.    On or about September 12, 2017, after pleading guilty, Nicki Zvik was convicted of

24  four (4) felony counts of violating Penal Code section 182 subdivision (a), subsection (1), felony

25  conspiracy to commit grand theft (Penal Code section 487), in the criminal proceeding entitled

26  *The People of the State of California v. Shay Yavor, Nicki Zvik, and Jerry Goldman* (Super. Ct.

27  Riverside County, 2017, No. RIF1604376).  Nicki Zvik also pled guilty to violating the

28  enhancement under Penal Code 186.11 subdivision (a), subsection (1) [Fraud and

16

1   Embezzlement]. The circumstances arise from four separate incidents, between December 10,

2   2012 and March 15, 2013, whereby Nicki Zvik engaged in willful and unlawful stealing, taking

3   and defrauding of money, labor, real and personal property from consumers in the amounts of

4   $17,995.00, $14,255.00, $32,000.00, and $17,500.00. The Court sentenced Nicki Zvik to 60

5   months of probation (3-year prison term suspended), and ordered him to pay victim restitution.

6        61.   On or about September 12, 2017, after pleading guilty, Shay Yavor was convicted of

7   four (4) felony counts of violating Penal Code section 182 subdivision (a), subsection (1), felony

8   conspiracy to commit grand theft (Penal Code section 487), in the criminal proceeding entitled

9   *The People of the State of California v. Shay Yavor, Nicki Zvik, and Jerry Goldman* (Super. Ct.

10  Riverside County, 2017, No. RIF1604376). Shay Yavor also pled guilty to violating the

11  enhancement under Penal Code 186.11 subdivision (a), subsection (1) [Fraud and

12  Embezzlement]. The circumstances arise from four separate incidents, between December 10,

13  2012 and March 15, 2013, whereby Shay Yavor engaged in willful and unlawful stealing, taking

14  and defrauding of money, labor, real and personal property from consumers in the amounts of

15  $17,995.00, $14,255.00, $32,000.00, and $17,500.00. The Court sentenced Shay Yavor to 60

16  months of probation (3-year prison term suspended), and ordered him to pay victim restitution.

17       62.   On or about April 20, 2017, after pleading guilty, Jerry Goldman was convicted of

18  one (1) misdemeanor count of violating Penal Code section 182, subdivision (a), subsection (1),

19  misdemeanor conspiracy to commit a violation of Business and Professions Code section 119,

20  subsection (b) [Lending a license to another person or knowingly permitting the use thereof by

21  another] in the criminal proceeding entitled *The People of the State of California v. Shay Yavor,*

22  *Nicki Zvik, and Jerry Goldman* (Super. Ct. Riverside County, 2017, No. RIF1604376). The

23  circumstances arise from a conspiracy between December 2011 and March 2015, whereby Jerry

24  Goldman allowed Shay Yavor and Nicki Zvik to use his license (CSLB license #504952) to

25  obtain a C-46 "Solar Contractor" classification and enter into contracts with homeowners to

26  install residential solar panels. The Court sentenced Jerry Goldman to 36 months of probation

27  and ordered him to pay a $1,025 fine.

28  ///

17

## FIRST CAUSE FOR DISCIPLINE

### (Misrepresentation on License Applications)

63.   Respondent is subject to disciplinary action under sections 7112 and 7116, in that it willingly and knowingly omitted or misrepresented material fact(s) in obtaining its contractor's license.  All applications filed with the Board were signed under penalty of perjury to the truth and accuracy of all statements, answers, and representation made in the application, including all supplements.  On applications filed with the Board, Respondent misrepresented that:

a)   Its RMO owned at least 20% of the corporation's equity, when Jerry Sergey Goldman had no ownership of Respondent corporation.

b)   A citation issued by the Board had not been received by any person in the application, when Jerry Sergey Goldman, Nicki Zvik, and Shay Yavor, all, had received citations issued by the Board.

c)   A license suspension issued by the Board had not been received by any person in the application, when Jerry Sergey Goldman had received a citation with an automatic one-year suspension issued by the Board.

d)   A license revocation issued by the Board had not been received by any person in the application, when Nicki Zvik and Shay Yavor had licenses revoked by the Board.

Complainant refers to and by this reference incorporates the allegations set forth above in paragraphs 31-52, inclusive, as though set forth fully.

## SECOND CAUSE FOR DISCIPLINE

### (Failure to Exercise Direct Supervision - Duty of Qualifier)

64.   Respondent is subject to disciplinary action under section 7068.1, in that Respondent's RMO failed to exercise direct supervision and control of construction operations.  Complainant refers to and by this reference incorporates the allegations set forth above in paragraphs 31-52, inclusive, as though set forth fully.

/ / /

/ / /

/ / /

18

## THIRD CAUSE FOR DISCIPLINE

### (Prohibited Persons in Supervisory Capacity)

65.    Respondent is subject to disciplinary action under section 7121 in that Nicki Zvik and Shay Yavor, prohibited officers, partners, members of the personnel of record, and/or associates, were employed or associated with Respondent in supervisory capacities and not restrictively as nonsupervising bona fide employees.  Complainant refers to and by this reference incorporates the allegations set forth above in paragraphs 31-52, inclusive, as though set forth fully.

## FOURTH CAUSE FOR DISCIPLINE

### (Settlement Agreement Which Subverts Cooperation with the Board)

66.    Respondent is subject to disciplinary action under Code sections 143.5(a) and 7116.5(a) in that Respondent engaged in conduct which subverts or attempts to subvert an investigation of the Board by including a provision in a settlement agreement requiring dismissal or withdrawal of a complaint with the Board.  Complainant refers to and by this reference incorporates the allegations set forth above in paragraphs 53-59, inclusive, as though set forth fully.

## FIFTH CAUSE FOR DISCIPLINE

### (Personnel Not on License)

67.    Respondent is subject to disciplinary action under Code section 7117(b) in that Respondent operated with personnel that were not listed on its Board issued license.  Undisclosed Officer Harold Shields, sold home improvement contracts while identifying himself as Chief Executive Officer, with the knowledge and participation of Respondent. Complainant refers to and by this reference incorporates the allegations set forth above in paragraphs 53-59, inclusive, as though set forth fully.

## SIXTH CAUSE FOR DISCIPLINE

### (Unregistered Home Improvement Sales Person)

68.    Respondent is subject to disciplinary action under Code sections 7152, 7154(d), 7155.5 in that Harold Shields, engaged in the sale of a home improvement contract on behalf Respondent without being registered with the Board.  Complainant refers to and by this reference

19

1  incorporates the allegations set forth above in paragraphs 53-59, inclusive, as though set forth

2  fully.

3  ## SEVENTH CAUSE FOR DISCIPLINE

4  ### (Misrepresentation to Obtain Contract)

5      69.    Respondent is subject to disciplinary action under Code section 7161(b) in that

6  Harold Shields engaged in the sale of a home improvement contract on behalf Respondent while

7  misrepresenting himself as being Respondent's Chief Executive Officer, with the knowledge and

8  participation of Respondent. Complainant refers to and by this reference incorporates the

9  allegations set forth above in paragraphs 53-59, inclusive, as though set forth fully.

10  ## EIGHTH CAUSE FOR DISCIPLINE

11  ### (Criminal Conviction Substantially Related to the

12  ### Qualifications, Functions and Duties of a Contractor)

13      70.    Respondent is subject to disciplinary action under sections 7123 and 7124, in that

14  Respondent's former CEO/Corporate Officer Nicki Zvik, former Corporate Officer Shay Yavor,

15  and former RMO Jerry Goldman were convicted for crimes substantially related to the

16  qualifications, functions, and duties of a contractor. Complainant refers to and by this reference

17  incorporates the allegations set forth above in paragraphs 60-62, inclusive, as though set forth

18  fully.

19  ## OTHER MATTERS

20      71.    Pursuant to sections 7097 and 7098, if license number 991275 issued to Respondent

21  is suspended or revoked, the Registrar may suspend or revoke, without notice, any other license

22  issued in the name of Nicki Zvik, Shay Yavor, and Jerry Sergey Goldman, or for which Nicki

23  Zvik, Shay Yavor, and Jerry Sergey Goldman furnished the qualifying experience and appearance.

24      72.    Pursuant to sections 7121, 7121.5, 7122 and 7122.5, if discipline is imposed on

25  license No. 991275 issued to Respondent, Edward Harner, Nicki Zvik, Shay Yavor, Harold

26  Shields, Jerry Sergey Goldman, and Edmundo Humberto Gudino shall be prohibited from serving

27  as an officer, director, associate, partner, manager, or qualifying individual, or member of the

28  personnel of record of a licensee of any licensee during the time the discipline is imposed, and any

1    licensee which employs, elects, or associates Green Solar Technologies, Inc. shall be subject to

2    disciplinary action.

3                                      **PRAYER**

4         WHEREFORE, Complainant requests that a hearing be held on the matters herein alleged,

5    and that following the hearing, the Registrar issue a decision:

6         1.     Revoking or suspending Contractor's License No. 991275 issued to Green Solar

7    Technologies Inc, Edward Harner, CEO/President (4/11/2017 to present), Nicki Zvik (3/18/2014

8    – 12/29/2016), Shay Yavor aka Shay Yavar, Officer (Undisclosed), Harold Shields, Officer

9    (Undisclosed), Jerry Sergey Goldman, RMO (3/18/2014 – 5/28/2015), Rodrigo Gonzalez, RME

10    (10/2/2015 – 3/20/2016), Edmundo Chacon, RME (3/21/2016 – 4/3/2016), Ricardo Humberto

11    Gudino, RME (7/26/2016 – 8/26/2017);

12         2.     Prohibiting Edward Harner, Nicki Zvik, Shay Yavor aka Shay Yavar, Jerry Sergey

13    Goldman, Harold Shields, and Ricardo Humberto Gudino from serving as an officer, director,

14    associate, partner, or qualifying individual of any licensee, including Affiliated Party GSH, during

15    the period that discipline is imposed on license No. 991275, issued to Green Solar Technologies

16    Inc, Edward Harner, CEO/President (4/11/2017 to present), Nicki Zvik (3/18/2014 – 12/29/2016),

17    Shay Yavor aka Shay Yavar, Officer (Undisclosed), Harold Shields, Officer (Undisclosed), Jerry

18    Sergey Goldman, RMO (3/18/2014 – 5/28/2015), Rodrigo Gonzalez, RME (10/2/2015 –

19    3/20/2016), Edmundo Chacon, RME (3/21/2016 – 4/3/2016), Ricardo Humberto Gudino, RME

20    (7/26/2016 – 8/26/2017);

21         3.     Revoking or suspending any other license for which Nicki Zvik and Jerry Sergey

22    Goldman is furnishing the qualifying experience or appearance;

23         4.     Ordering Green Solar Technologies Inc, Edward Harner, CEO/President (4/11/2017

24    to present), Nicki Zvik (3/18/2014 – 12/29/2016), Shay Yavor aka Shay Yavar, Officer

25    (Undisclosed), Harold Shields, Officer (Undisclosed), Jerry Sergey Goldman, RMO (3/18/2014 –

26    5/28/2015), Rodrigo Gonzalez, RME (10/2/2015 – 3/20/2016), Edmundo Chacon, RME

27    (3/21/2016 – 4/3/2016), Ricardo Humberto Gudino, RME (7/26/2016 – 8/26/2017) to pay the

28    Registrar his costs in the investigation and enforcement of the case according to proof at the

1   hearing, pursuant to section 125.3;

2       5.    Ordering Green Solar Technologies Inc, Edward Harner, CEO/President (4/11/2017

3   to present), Nicki Zvik (3/18/2014 – 12/29/2016), Shay Yavor aka Shay Yavar, Officer

4   (Undisclosed), Harold Shields, Officer (Undisclosed), Jerry Sergey Goldman, RMO (3/18/2014 –

5   5/28/2015), Rodrigo Gonzalez, RME (10/2/2015 – 3/20/2016), Edmundo Chacon, RME

6   (3/21/2016 – 4/3/2016), Ricardo Humberto Gudino, RME (7/26/2016 – 8/26/2017) to provide the

7   Registrar with a listing of all contracting projects in progress and the anticipated completion date

8   of each; and

9       6.    Taking such other and further action as deemed necessary and proper.

10

11

12   DATED:  8 - 30 - 2018

13

**FILED**

14

AUG 3 0 2018

15

**CSLB DSS**

16

WOOD ROBINSON
Enforcement Supervisor I
Contractors' State License Board
Department of Consumer Affairs
State of California
*Complainant* TCJ

17   LA2017604417
     52666846_4.doc

18

19

20

21

22

23

24

25

26

27

28

(GREEN SOLAR TECHNOLOGIES INC) FIRST AMENDED ACCUSATION Case No. N2016-283

# Exhibit
# 4

# THE PRESS-ENTERPRISE

## Unlicensed solar panel installers sentenced in scheme that took $211,000 from Riverside homeowners



Two men banned from licensed contract work paid a legitimate contractor to use his fees and illegally install solar panels for nine unsuspecting homeowners in Riverside County, the district attorney's office said.

By RICHARD K. DE ATLEY | rdeatley@scng.com | The Press-Enterprise
PUBLISHED: December 8, 2017 at 2:40 p.m. | UPDATED: December 8, 2017 at 3:52 p.m.



Two men who had been banned from contract work in California paid a legitimate contractor to use his license in a scheme to install solar panels on Riverside County homes, where unsuspecting homeowners paid them nearly $211,000, the district attorney's office said.

The three men, all from Los Angeles, were sentenced on Wednesday.

In September, Shay Yavor, 40, and Nicki Zvik, 45, entered pleas of guilty to four counts of conspiracy to commit grand theft and admitted an enhancement of committing two or more fraud-related felonies.

Each was sentenced to six months in custody, five years of formal probation, and ordered not to work as a contractor during the probation period.

The charges stemmed from work Yavor and Zvik did for nine Riverside County homeowners, one of whom was 82 years old, who had contracted with the men because they believed they were properly licensed. The two were paid a total of $210,922, the district attorney's office said.

The investigation began when the Contractors State License Board (CSLB) received complaints about poor work on the homes, said John Hall, a district attorney spokesman.

Jerry S. Goldman, 72, the contractor whose license prosecutors said Yavor and Zvik paid to use, pleaded guilty April 20 to a misdemeanor count of criminal conspiracy. He was fined $1,025.

Yavor and Zvik each had their contractors' licenses revoked by the CSLB in 2009 and 2010, respectively, the Riverside County District Attorney's office said in a release. In those cases, they were ordered to pay tens of thousands of dollars in victim restitution, recovery costs and disciplinary bonds.

They also were prohibited from re-applying for contractor licenses for five years. To get around that, Yavor and Zvik approached Goldman in 2011 and offered to pay him $150 a month to allow them to use his valid contractor's license, the district attorney's office said

Goldman agreed, believing he would be a business partner, and changed the name of his business to American Solar Solution & Home Remodeling.

All of the affected homeowners told a district attorney investigator they believed American Solar was a valid business, and they would not have contracted with the company if they knew it was not.

Yavor and Zvik's payments to Goldman went up to $300 a month after Goldman successfully passed a solar installation contractor test and added that classification to his license.

The two paid Goldman more than $3,600 over two years for the use of his license, although he had no involvement with the business, prosecutors said.

---

Newsroom Guidelines    News Tips    Contact Us    Report an Error

**T** The Trust Project

https://www.pe.com/2017/12/08/unlicensed-solar-panel-installers-sentenced-in-scheme-that-took-211000-from-riverside-homeowners/

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS128368
Cashier ID: afuller
Transaction Date: 03/17/2021
Payer Name: Kenneth J. Moser
-------------------------------------
CIVIL FILING FEE- NON-PRISONER
 For: Kenneth J. Moser
 Case/Party: D-CAS-3-21-CV-000476-001
 Amount:        $402.00
-------------------------------------
CHECK
 Check/Money Order Num: 9043
 Amt Tendered: $402.00
-------------------------------------
Total Due:       $402.00
Total Tendered: $402.00
Change Amt:      $0.00


There will be a fee of $53.00
charged for any returned check.
```